**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GUY MATTHEWS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-3697** |
| | : | |
| **BRITNEY HUNER,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW**, this **22nd** day of **May 2026**, upon consideration of the Motions to Dismiss

filed by Defendants Saeed Bazel, Anthony Letizio, Rebecca Reifer, Keri Moore, Britney Huner,

Erin Caligiuri, Anthony Matteo, Joseph Terra, Nathan Wynder, Mandy Biser Sipple, Charles

Hensley, Leandra Strenkoski, and Kristina Owens, (ECF Nos. 14, 17), Plaintiff Guy Matthews's

Responses thereto, (ECF Nos. 21, 22, 23), Defendants' Reply thereon, (ECF No. 25), Matthews's

Order to Show Cause for a Preliminary Injunction, (ECF No. 31), and the Response in Opposition

from Defendants Bazel and Letizio, (ECF No. 32), it is **ORDERED** that:

1.      The Motions to Dismiss, (ECF Nos. 14, 17), are **GRANTED** for the reasons stated

in the Court's accompanying Memorandum.

2.      The Complaint is **DISMISSED WITHOUT PREJUDICE** to Matthews filing an

amended complaint as set forth in paragraph three (3) of this Order.

3.      Matthews may file an amended complaint within **thirty (30) days** of the date of

this Order.  Any amended complaint must identify all defendants in the caption of the amended

complaint in addition to identifying them in the body of the amended complaint and shall state the

basis for Matthews's claims against each defendant.  **The amended complaint shall be a**

**complete document that does not rely on the initial Complaint or other papers filed in this**

**case to state a claim**. Claims that are not included in the amended complaint will not be considered part of this case. This means that Matthews must include all his allegations in one single document, because the Court will only consider the allegations made in the amended complaint in determining whether Matthews states a claim to relief. When drafting his amended complaint, Matthews should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.

4. The Clerk of Court is **DIRECTED** to send Matthews a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Matthews may use this form to file his amended complaint if he chooses to do so.

5. If Matthews does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within **thirty (30) days** of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6. If Matthews fails to file any response to this Order, the Court will conclude that

Matthews intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

7.    Matthews's request for a preliminary injunction, (ECF No. 31), is **DENIED** for the reasons stated in the Court's accompanying Memorandum.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

3